OPINION *Page 2 
{¶ 1} Appellant, Jason J. Andrews, appeals his conviction for one count of menacing by stalking and one count of unlawful restraint. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On December 19, 2007, appellant was charged with one count of menacing by stalking in violation of R.C. 2903.211(A)(1), a first degree misdemeanor, and one count of unlawful restraint in violation of R.C. 2905.03(A), a third degree misdemeanor. On December 21, 2007, appellant entered a not guilty plea. On April 3, 2008, the matter was tried to a jury.
 {¶ 3} During the trial, the State presented the testimony of Jenene Andrews, Helen Walter, Officer Todd Aderholt and Officer John Jenkins.
 {¶ 4} Jenene Andrews testified that she married appellant on July 2, 2006. They were separated on June 21, 2007, she filed for divorce in October of 2007, and they were divorced on February 5, 2008. She stated that on December 19, 2007, at around 9:00 A.M., she arrived at the Hart Apartments to pick up her friend Helen Walter and take her to Walmart. She knew appellant lived at the apartment complex but did not expect to see him that day. She stated that she and Helen returned from Walmart at approximately 10:00 A.M. She stated she parked her car by the front door of the apartment building and helped Helen carry her stuff into her first floor apartment. She stated that, when she left Helen's apartment, appellant came out of the front doors of the building and prevented her from getting into her car. She stated that, when she slid into the front seat of the vehicle appellant stuck his foot in the door and she was unable to move her car. She stated that the appellant told her "if she didn't come back" [to him] *Page 3 
he would "hurt" her. When the police arrived, she told the officers she was afraid. She testified she felt nervous, sick to her stomach and "threatened." T28-29.
 {¶ 5} Andrews further testified appellant had a history of threatening behavior. She stated that, on the evening prior to the incident at Hart Apartments, appellant told her he would "kill" her. She stated a week and a half earlier, appellant also came to her house and followed her to different places including Burger King. She stated that, in the summer of 2007, appellant followed her to a carnival in Alliance and moved her car, making her believe her vehicle had been stolen. She stated most of the prior incidents involving appellant had been reported to the police.
 {¶ 6} Helen Walter testified that on December 19, 2007, she called Jenene and asked her to drive her to Walmart. Jenene said, "sure Helen I'll be over in a few minutes." When they returned from Walmart, Jenene helped her carry her bags into the apartment, left through the front door and walked to her car. She stated as Jenene left, appellant came "like a flash" out the front door, met Jenene, grabbed her jacket and tried to take her dog. She stated that after Jenene got into her car, appellant blocked Jenene's car and prevented her from leaving the parking lot. She then called Jenene's mother and advised her to call the police. She stated the police arrived immediately and moved appellant away from the car and Jenene looked "shook up".
 {¶ 7} Officer Todd Aderholt from the Alliance City Police Department testified that, on December 19, 2007, he responded to the Hart Apartments. He stated that, when he arrived, he saw the appellant standing in the driver's door, part way into the driver side compartment of the victim's vehicle. He stated that appellant was only wearing a t-shirt and "he wasn't wearing a jacket or anything like that." He instructed *Page 4 
appellant to move away from the vehicle and spoke with the victim. He stated the victim seemed "unbelievably distraught," "just almost numb," "shook up" and "almost crying." T.61. The victim advised him that the appellant would not let her leave. He stated that, while he was interviewing the victim, appellant kept "continually coming toward us," "desperately trying to hear what me and his ex-wife were talking about." He stated the victim was scared and nervous about talking in front of the appellant. He stated that on one occasion he had to physically escort appellant away from the vehicle.
 {¶ 8} Lieutenant John Jenkins from the Alliance City Police Department testified he followed officer Aderholt to the call. He stated that, when he arrived, he observed a car with a person standing in the driver's side door. He stated that their CAD system indicated the victim had called the police department about the appellant on 8/4/07 and 8/23/07. He confirmed that there were other calls which had been made by the victim but he could not confirm that they were about the appellant.
 {¶ 9} After the presentation of evidence, appellant was found guilty as charged. Appellant was sentenced to serve a thirty-day (30) jail sentence on each of the convicted charges. It is from this judgment of conviction and sentence that appellant now seeks to appeal setting forth the following assignment of error:
 {¶ 10} "THE TRIAL COURT'S FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 11} In the assignment of error, appellant argues there was no evidence to substantiate a pattern of conduct for the menacing by stalking conviction. Appellant also argues the victim's testimony lacked credibility sufficient to support the convictions. *Page 5 
 {¶ 12} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541. However, the appellate court must bear in mind, the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses. See State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction." Thompkins, at 387, 678 N.E.2d 541.
 {¶ 13} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, supra. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus ofState v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, superceded by constitutional amendments on other ground in State v. Smith,80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of *Page 6 
fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 14} In this case, appellant was convicted of one count of menacing by stalking and one count of unlawful restraint.
 {¶ 15} R.C. 2905.03(A) defines unlawful restraint and states: "No person, without privilege to do so, shall knowingly restrain another of his liberty."
 {¶ 16} R.C. 2903.211(A)(1) defines menacing by stalking and states: "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
 {¶ 17} A "pattern of conduct" is defined as "two or more actions or incidents closely related in time, whether or not there has been a previous conviction based on any of those actions or incidents." R.C. 2903.221(D)(1).
 {¶ 18} "Mental distress" is defined as including "any mental illness or condition that involves some temporary substantial incapacity." R.C. 2903.221(D)(2).
 {¶ 19} Appellant argues the conviction for menacing by stalking was based solely on the testimony of the victim and that the victim's testimony lacked sufficient credibility to uphold the conviction. We disagree.
 {¶ 20} The victim testified that appellant, prior to the December 19, 2007, incident, had threatened to kill her, tampered with her car, come to her house and followed her to other places. The CAD system indicated the victim had made at least two prior police reports regarding incidents involving appellant. Witnesses to the scene testified the victim was "unbelievably distraught," "just almost numb," "shook up" and *Page 7 
"almost crying." The jury was in the best position to weigh and determine Jenene's credibility and was entitled to believe or disbelieve her testimony. Her testimony was not so incredible to render appellant's conviction for menacing by stalking against the manifest weight of the evidence. As such, we cannot find that the jury clearly lost its way in convicting appellant of menacing by stalking.
 {¶ 21} We further find that the jury did not lose its way when it convicted appellant of unlawful restraint. The evidence established appellant knowingly acted without privilege to restrain the victim and prevent her from leaving the Hart Apartment parking lot. The evidence established appellant rushed toward the victim, grabbed her jacket, physically blocked her from getting into her vehicle and positioned himself in such a way that she could not move her car. The victim testified the restraint lasted approximately thirty minutes. Therefore, we further find that the conviction for unlawful restraint was not against the manifest weight or sufficiency of the evidence. *Page 8 
 {¶ 22} Accordingly, appellant's assignment of error is not well taken and is hereby overruled.
 {¶ 23} The judgment of the Alliance Municipal Court is hereby affirmed.
 Edwards, J., Hoffman, P.J. and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Alliance Municipal Court is affirmed. Costs assessed to appellant. *Page 1